IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  05-10160-01-MLB |
| | ) | |
| TAM XUAN VU PHAN, | ) | § 2255 No. 07-1164 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 69)[1]; and

2. Government's motion seeking to enforce the plea agreement (Doc. 70).

Defendant entered into a plea agreement with the government (Doc. 45) in which he waived his right to file a motion pursuant to 28 U.S.C. § 2255.  Defendant does not contend that he did not understand the wavier, or that it was otherwise invalid.  Instead, without addressing the waiver itself, and the law pertaining to waivers, Defendant now raises the following grounds in support of his motion:

1. His plea of guilty was unlawfully induced and not made voluntarily and with understanding because:

---

[1] Defendant is represented by counsel; therefore, the rule of liberal construction is inapplicable.

      a.    Counsel misinformed Defendant "by insinuating that it was his failure to work with Detective Fasig that would result in a prison sentence, and by further suggesting that cooperation with the government would result in a 'probated' sentence"; and

      b.    Counsel told Defendant that "he had no choice but to plead guilty."

2. He was denied effective assistance of counsel because:

      a.    Counsel failed to "accompany [Defendant] to a 'debriefing' with the prosecutor";

      b.    Counsel "failed to request a continuance of the sentencing hearing so that Movant could provide additional information, if necessary";

      c.    Counsel failed to request "that the district court review the prosecutor's refusal to file a substantial assistance motion"; and

      d.    Counsel failed to advise Movant that he could file such a request on his own behalf.

**STANDARD**

In order to enforce a waiver of rights, the court must determine 1) whether the grounds for the motion fall within the scope of the waiver, 2) whether the defendant knowingly and willingly waived his rights, and 3) whether enforcement of the

waiver will result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004); See also United States v. Ellis, 201 Fed.Appx. 588 (10th Cir. 2006). Waivers of § 2255 rights are generally enforceable, unless they fall within the limited exception listed in United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001) (holding that ineffective assistance of counsel is only relevant as far as it affects validity of plea). "Ineffective service of counsel in connection with the negotiation of a waiver renders the waiver invalid." Hahn, 359 F.3d at 1327.

**ANALYSIS**

In the plea agreement, Defendant "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence," including a motion pursuant to § 2255 (Doc. 45 at 7). That waiver renders Defendant's present motion moot, unless Defendant can demonstrate that either the plea or the waiver was not entered knowingly and willingly, or that enforcement will result in a miscarriage of justice.

Defendant claims that he had insufficient assistance of counsel and that he therefore did not enter the plea knowingly and willingly. The record clearly contradicts this claim. Defendant claims that counsel insinuated that working with the government would result in a "probated" sentence. However, the

court specifically told Defendant that:

> You can talk to the DEA or whoever it is, tell 'em everything that you know from the beginning of the world to date, and if the U.S. Attorney does not believe that that information provides substantial assistance to the Government, then the U.S. Attorney is not obligated to file a Section 5 motion and I can't make the U.S. Attorney file a Section 5 motion....

The plea agreement and the petition to enter the plea both state that Defendant understands that his sentence will be exclusively determined at the discretion of the court. The court advised Defendant:

> I've already covered this, but I'm the person who gets to impose the sentence; that I can't tell you what sentence you're likely to receive, nor can your lawyer. Your lawyer's obligation is to represent you, and in doing so, tell you to the best of his knowledge what sentence you might receive; but if you don't receive that sentence, then you can't withdraw your plea and ask for a trial. And that's set forth in paragraph 11.

Defendant, under oath, acknowledged his understanding of this admonition.

To now claim that he did not knowingly enter the plea contradicts what Defendant openly acknowledged before the court. The court specifically asked Defendant whether he understood that waiving his right under § 2255 would prevent him asking the court, in effect, to reopen his case. Defendant, under oath, replied that he did. Defendant also claims that he had no choice but to plead guilty, but the court specifically informed him that he did have a choice. The court explained, in detail, that Defendant had a right to a jury trial, and Defendant acknowledged

understanding that right.  Defendant also acknowledged, under oath, his understanding of the rights he was surrendering by pleading guilty.  The petition to plead guilty, signed under oath, also explained his rights.

Defendant has presented no claims that ineffective assistance of counsel influenced the negotiation of his plea agreement.  His counsel's alleged failure to accompany Defendant to a "debriefing" with the prosecutor has nothing to do with the negotiation of the plea, so it does not fall under the very limited Cockerham exception.  Neither does failing to request a continuance.  Failure to move the court to review the U.S. Attorney's decision not to file a Section 5 motion is irrelevant, since the court has no authority to review such a decision, something the court explained to Defendant.  Again, this claim does not pertain to the negotiation of the plea agreement, so it does not qualify for the Cockerham exception.

The court finds that Defendant had sufficient assistance of counsel for the negotiation of his plea agreement, and that Defendant did knowingly and willingly enter into that agreement.  The court further finds that enforcement of the plea agreement waiver will not result in a miscarriage of justice.  On the contrary, a failure to enforce the agreement would result in just such a miscarriage because it would require the court to disregard all of Defendant's sworn oral and written statements in which he acknowledged his understanding of his rights and of the

terms of his plea agreement.

**CONCLUSION**

Since the plea agreement is valid, so is Defendant's waiver of his § 2255 right.  Consequently, Defendant's motion pursuant to § 2255 is DENIED and the government's motion to enforce the plea agreement is GRANTED.

IT IS SO ORDERED.

Dated this 27th day of July, 2007, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
